IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM S. KARN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>QUICK & REILLY INCORPORATED and )<br>FLEET BOSTON FINANCIAL COMPANY, )<br>)<br>Defendants. ) | 02: 05cv1454 |

**MEMORANDUM ORDER**

This action was originally filed in the Court of Common Pleas of Allegheny County, Pennsylvania, Civil Division, in February 2004. The Class Action Complaint alleged "a termination of a bailment contract by defendant with failure by defendant to restore to plaintiff bailor the personal property which was held by defendant bailee." Complaint, at ¶ 3.

On or about September 23, 2005, Plaintiff requested leave of Court to amend his Class Action Complaint to include, *inter alia*, two counts which purport to set forth causes of action under the Fifth and Fourteenth Amendments of the Constitution of the United States. By Order of Court dated September 23, 2005, the Honorable R. Stanton Wettick, granted Plaintiff's Motion for Leave to Amend.

On October 18, 2005, Defendants timely filed a Notice of Removal pursuant to 28 U.S.C. § 1441(a), in which they allege that this case is removable because the Amended Class Action Complaint alleges causes of action against Defendants that are within the original jurisdiction conferred on the District Courts of the United States by 28 U.S.C. § 1331.

On October 20, 2005, Plaintiff filed with this Court "Objection to Notice of Removal," in which he argues, *inter alia,* that the word "original" should not be read as

"exclusive," that "the federal constitutional issues presented in the state court complaint are that some small (but not total or substantial) remedial effort was effected to the plaintiff by a defendant," and that "it seems premature to involve the federal court . . . ." Pl's Objection.  The Court shall deem Plaintiff's Objections as a Motion to Remand pursuant to 28 U.S.C. § 1441(c).[1]  On November 8, 2005, Defendants filed a Reply Brief in opposition to Plaintiff's Objection to Notice of Removal (Document No. 3).

It is not disputed that both Pennsylvania state courts and federal courts have concurrent jurisdiction over the federal claims alleged in the Amended Class Action Complaint. However, the general rule is that "absent an express provision to the contrary, the removal right should be respected when there is concurrent jurisdiction."  Wright, Miller & Cooper, Federal Practice and Procedure:  Jurisdiction 3d  § 3739; *see Bradshaw v. General Motors Corp*., 805 F.2d 110, 112-13 (3d Cir. 1986) (section 1981 claims are removable because state and federal courts have concurrent jurisdiction).

Because the Amended Class Action Complaint includes two counts which purport to set forth causes of action under the Fifth and Fourteenth Amendments of the Constitution of the United States, Plaintiff's "Objection to Notice of Removal," which has been treated as a Motion to Remand, is **DENIED.**

---

[1]     28 U.S.C. § 1441(c) provides:
Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

So **ORDERED** this 9th day of November, 2005.

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc:    William S. Karn, Esquire
664 Lincoln Avenue
Pittsburgh, PA 15202

Denis Dice, Esquire
Marshall, Dennehey, Warner, Coleman & Goggin
1845 Walnut Street
18th Floor
Philadelphia, PA 19103-4797

James A. McGovern, Esquire
Marshall, Dennehey, Warner, Coleman & Goggin
Email: jmcgovern@mdwcg.com

Paul A. Atencio, Esquire
Marshall, Dennehey, Warner, Coleman & Goggin
600 Grant Street, USX Tower
Suite 2900
Pittsburgh, PA 15219