IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM S. KARN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 02:05cv1454 |
| | ) | |
| QUICK & REILLY INCORPORATED and | ) | |
| FLEET BOSTON FINANCIAL COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER OF COURT**

Presently before the Court for disposition is the MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(6), OR IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT PURSUANT TO FED.R.CIV.P. 12(e) filed by Defendants (*Document No. 7*), and the RESPONSE TO MOTION TO DISMISS filed by the Plaintiff (*Document No. 17*). For the reasons that follow, the Motion will be granted as to Counts Five and Six of the Amended Class Action Complaint.

**BACKGROUND**

Plaintiff, William S. Karn, commenced this action on February 12, 2002, by the filing of a "Class Action Complaint Of Breach Of Bailment Contract" against Defendants in the Court of Common Pleas of Allegheny County, Pennsylvania. The gravamen of Plaintiff's Complaint pertained to account services fees Defendants allegedly charged their customers.

By Order of Court dated September 23, 2005, the Honorable R. Stanton Wettick granted Plaintiff leave to file an Amended Class Action Complaint, which was filed the same date. The Amended Class Action Complaint contains the following causes of action: Breach of Bailment Contract (Count One); Fraud (Count Two); "Action Based Upon Consumer

Protection Law" (Count Three); § 201.9-2 of Pennsylvania Unfair Trade Practices and Consumer Protection Law (Count Four); "Federal Constitution Amendment 14 Section1 Equal Protection" (Count Five); and "Federal Constitution Amendment 5 Due Process" (Count Six).

On October 18, 2005, Defendants timely removed the action to this Court based on the new federal constitutional claims alleged in the Amended Class Action Complaint.

On November 18, 2004, Defendants filed the instant Motion to Dismiss in which they argue that the Court should dismiss the Plaintiff's Amended Class Action Complaint in its entirety, or in the alternative, direct Plaintiff to file a more definite statement pursuant to Federal Rule of Civil Procedure 12(e).

### STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Accordingly, the Court must determine whether Plaintiff would be entitled to relief under any set of facts that could be established in support of his claims. *See Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255 (3d Cir. 1994). All allegations in the Complaint and all reasonable inferences that can be drawn therefrom must be accepted as true and viewed in the light most favorable to Plaintiff. *Pennsylvania Nurses Ass'n v. Pennsylvania State Educ. Ass'n,* 90 F.3d 797, 799-800 (3d Cir. 1996), *cert. denied,* 519 U.S. 1110 (1997).

The fact that a court must assume as true all facts alleged, however, does not mean that the court must accept as true "unsupported conclusions and unwarranted inferences." *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir.

1997). Rather, "courts have an obligation in matters before them to view the complaint as a whole and to base rulings not upon the presence of mere words but, rather, upon the presence of a factual situation which is or is not justiciable." *City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 263 (3d Cir. 1998).

### DISCUSSION

**A.      Counts Five and Six of the Amended Class Action Complaint**

Counts Five and Six of Plaintiff's Amended Class Action Complaint purport to set forth causes of action under the Fifth and Fourteenth Amendments to the Constitution of the United States. Title 42, United States Code, section 1983, does not create substantive rights, but provides a remedy for the violation of rights created by federal law. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985). A prima facie case under § 1983 requires a plaintiff to demonstrate that: (1) a person deprived him or her of a federal right; and (2) the person who deprived him or her of that right <u>acted under color of state</u> or territorial law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980) (emphasis added).[1]

Defendants argue that "[t]he Amended Class Action Complaint is devoid of any allegation that Defendants, private brokerage firms, took any governmental action against Plaintiff or the putative class members." Mot. at ¶ 59. In reply, Plaintiff responds as follows:

---

[1]      Section 1983 provides that

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable . . .

42 U.S.C. § 1983.

3

> Defendants took actions that come under the criminal law statutes which statutes are government creations. If a government fails to provide the requisite protection afforded under the criminal statutes might a negative action of failure to act when required, of itself qualify as a government action for interpretation of the statute and constitution?

Response at 7.

While most certainly a novel response, the fact remains that the Defendants are <u>private</u> brokerage firms. The Amended Class Action Complaint is devoid of any allegation that these private brokerage firms took <u>any</u> governmental action against Plaintiff or against the putative class members. Accordingly, due to the fact that there is no state action, Plaintiff's causes of action under the Fifth and Fourteenth Amendments will be dismissed.

### B.  Counts One through Four of the Amended Class Action Complaint

The Court of Appeals for the Third Circuit has directed that where federal claims are dismissed before trial, the district court "must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Bonenberger v. Plymouth Township*, 132 F.3d 20, 22 n.1 (3d Cir. 1997) (citing *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995)). Given that Defendants' motion will be granted on the federal claims in this case, and given that there are no extraordinary circumstances which would warrant the exercise of jurisdiction over the pendent state law claims, the Court will decline to exercise supplemental jurisdiction. Accordingly, Plaintiff's claims for breach of bailment contract, fraud, violations of "Consumer Protection Law," and § 201.9-2 of Pennsylvania Unfair Trade Practices and Consumer Protection Law will be remanded to the Court of Common Pleas of Allegheny County,

Pennsylvania. *Angst v. Mack Trucks, Inc.*, 969 F.2d 1530 (3d Cir. 1992) (once all federal claims have been dropped from the case, the case should either be dismissed or transferred to the Pennsylvania Court of Common Pleas pursuant to 42 Pa. Cons. Stat. Ann. § 5103(b)).

    An appropriate Order follows.

                                                                                                      McVerry, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM S. KARN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 02:05cv1454 |
| ) | |
| QUICK & REILLY INCORPORATED and ) | |
| FLEET BOSTON FINANCIAL COMPANY, ) | |
| ) | |
| Defendants. ) | |

### ORDER OF COURT

AND NOW, this 20th day of December, 2005, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED AND DECREED** that Defendants' Motion to Dismiss is **GRANTED** as to Counts Five and Six of Plaintiff's Amended Class Action Complaint.

Counts One, Two, Three and Four of the Amended Class Action Complaint are hereby **REMANDED** forthwith to the Court of Common Pleas of Allegheny County, Pennsylvania.

The Clerk is directed to mark this case closed.

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc:	William S. Karn
	664 Lincoln Avenue
	Pittsburgh, PA 15202

	Denis Dice, Esquire
	Marshall, Dennehey, Warner, Coleman & Goggin
	1845 Walnut Street
	18th Floor
	Philadelphia, PA 19103-4797

	James A. McGovern
	Marshall, Dennehey, Warner, Coleman & Goggin
	Email: jmcgovern@mdwcg.com

	Paul J. Atencio
	Marshall, Dennehey, Warner, Coleman & Goggin
	Email: pjatencio@mdwcg.com